IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-425-BO
No. 5:24-CV-572-BO

| | |
|---|---|
| BERNAVE MILLAN-RASCON, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's *pro se* motion and amended motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. [DE 92]; [DE 99]. The government has moved to dismiss the petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, [DE 109], petitioner filed a response in opposition, [DE 112], and the government has replied. [DE 113]. In this posture, the motions are now ripe for ruling. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's § 2255 motions are dismissed.

## BACKGROUND

On August 6, 2020, petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and one count of possession with intent to distribute five kilograms or more of cocaine, aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). [DE 48]. On November 23, 2020, the Court sentenced petitioner to 180 months' imprisonment on each count, to be served concurrently. [DE 60]. Petitioner filed a timely notice

of appeal, and the United States Court of Appeals for the Fourth Circuit remanded for resentencing because the written judgment included conditions of supervised release that were not pronounced at sentencing. [DE 61, 63, 76]. On May 13, 2023, the Court conducted a resentencing hearing and again sentenced petitioner to 180 months' imprisonment on each count, to be served concurrently. [DE 87].

On April 9, 2024, petitioner filed a motion to extend the time to file a petition pursuant to 28 U.S.C. § 2255. [DE 88]. On October 4, 2024, the Court entered an order notifying petitioner that it intended to recharacterize the motion for an extension of time as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 91]. The Court entered an order permitting petitioner to amend his § 2255 motion on October 25, 2024. [DE 96]. On November 25, 2024, petitioner filed an amended § 2255 motion contending that his attorney provided ineffective assistance of counsel by failing to object to the four-level leadership enhancement in his advisory Guidelines calculation. [DE 99]. The government seeks dismissal of the § 2255 petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 109]. For the reasons discussed herein, the Court grants the government's motion.

## DISCUSSION

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If it is determined that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct

2

the sentence as may appear appropriate." *Id.* § 2255(b). The "goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." *United States v. Hadden*, 475 F.3d 652, 665 (4th Cir. 2007) (internal quotation and emphasis omitted) (quoting *United States v. Silvers*, 90 F.3d 95, 99 (4th Cir.1996)).

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* R. 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). While the Court should draw all reasonable factual inferences in petitioner's favor, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.2d 298, 302 (4th Cir. 2008).

The government contends – and the Court agrees – that petitioner's amended § 2255 motion[1] fails to plausibly allege a claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the United States Supreme Court held that a petitioner claiming ineffective assistance of counsel must show both that (1) the counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id.* To establish deficient performance, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688; *see also United States v. Powell*, 134 F.4th 222, 228 (4th Cir. 2025) (stating that, when looking at deficient performance, "the critical question is whether an attorney's representation amounted to incompetence under prevailing professional norms."). To establish prejudice, a petitioner must show by "a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceedings would have been different." *Id.* at 694. However, "[s]urmounting *Strickland's* high bar is never an easy task" because "the standard

---

[1] Because petitioner has filed an amended § 2255 motion, the Court dismisses his first § 2255 motion as moot.

3

for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotations and citation omitted).

Here, petitioner does not plausibly allege deficient performance under *Strickland*. There is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689). Moreover, the Sixth Amendment does not require counsel to raise frivolous objections. *See Knowles v. Mirzayance*, 556 U.S. 111, 124-26 (2009); *see also Marsh v. United States*, No. 7:12-CR-138-FL, 2015 WL 13735426, at *4 (E.D.N.C. Oct. 28, 2015), *report and recommendation adopted*, No. 7:12-CR-138-FL-1, 2016 WL 591767 (E.D.N.C. Feb. 12, 2016) (holding that "counsel is not deficient in failing to raise a meritless argument."). In other words, failure to raise a losing argument does not amount to ineffective assistance of counsel.

The Sentencing Guidelines provide for a four-level increase to a defendant's offense level where he was a leader or organizer of criminal activity which involved five or more participants. U.S.S.G. § 3B1.1(a). In petitioner's case, the abundant evidence the government secured regarding his leadership role would have rendered frivolous any objection to the offense level increase. As detailed in the PSR and discussed at the sentencing hearing, petitioner was the coleader of an international cocaine trafficking organization, which included more than five individuals, for fifteen years. [DE 55]; [DE 73]. A federal wiretap of petitioner's phone confirmed that petitioner directed and coordinated the delivery of large amounts of cocaine into the United States from Mexico. Once in the United States, the cocaine would be sent to various distribution hubs around the country, and petitioner would be wired hundreds of thousands of dollars in profits.

4

Accordingly, petitioner cannot meet *Strickland's* high bar, and the government's motion to dismiss is granted. [DE 109].[2]

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, the government's motion to dismiss [DE 109] is GRANTED and petitioner's amended § 2255 motion to vacate, set aside, or correct his sentence [DE 99] is DISMISSED. Petitioner's original § 2255 motion [DE 92] is also DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this ___ day of August 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] In his response to the motion to dismiss, petitioner appears to raise additional claims regarding the advice he received from counsel about his sentence and rights which were allegedly violated during his sentencing hearing, but a party may not amend a pleading by raising new arguments in briefing. *Albarran-Torres v. United States*, No. 7:10-CR-153-D, 2013 WL 2456554, at *3 (E.D.N.C. June 6, 2013). Nonetheless, petitioner's sentencing exposure argument is foreclosed by petitioner's testimony under oath at his Rule 11 proceeding. *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005). His claims related to his sentencing proceeding are procedurally barred as petitioner could have raised them on appeal but failed to do so. *See Bousley v. United States*, 523 U.S. 614, 621 (1998).

5

Case 5:18-cr-00425-BO   Document 114   Filed 08/11/25   Page 5 of 5